36551. CITY OF GRIFFIN *v.* CROSSFIELD *et al.*
36567. ED SMITH CHEVROLET COMPANY *v.*
CITY OF GRIFFIN *et al.*

DECIDED MARCH 8, 1957.

*Beck, Goddard & Smalley,* for plaintiff in error case No. 36551.

*Cumming & Cumming, J. O. Futral, Claude Christopher, Christopher, Futral, Owen & Bolton,* contra.

*Cumming & Cumming,* for plaintiff in error case No. 36567.

*Beck, Goddard & Smalley, Christopher, Futral, Owen & Bolton,* contra.

CARLISLE, J. Other than to say that the questions raised by the plaintiff's petition and the defendants' answers were, by stipulation of the parties, narrowed to two, and the questions presented for review are limited in the main bill of exceptions to an assignment of error upon the answer to the question by the trial court adversely to the plaintiff, and in the cross-bill of exceptions to the trial court's limitation placed upon the defendants' right of cross-examination, in considering the question which, in our view, is determinative of the entire case, we need only to quote and adopt as our own the well prepared and able opinion filed by Judge McGehee who tried the case in the court below without the intervention of a jury:

"The evidence is undisputed that in 1939 the City of Griffin paved Fifth Street, constructed the necessary curbs, gutters, drains, and assessed at least a portion of the cost against the abutting property owners. There is no contention that this paving is worn out or in bad repair, but the city does contend that a widening of this pavement is desirable to take care of the increased flow of traffic, and for other reasons, and that such widening will result in a special benefit to abutting property as well as a benefit to the general public.

" 'For the purpose of levying a special assessment or tax the determination by the legislature, a municipal council, or some other subordinate agency acting under authority by the legislature, as to the necessity of a proposed improvement, or as to its character, extent and location, and the manner of its construction, is ordinarily conclusive and not subject to interference by the courts unless it is clearly shown that there has been fraud or collusion, or mistake, or a palpable or gross abuse of legislative authority.' 44 C. J. 519. See also *Georgia Railway & Electric Co.* v. *City of Atlanta,* 144 *Ga.* 722 (87 S. E. 1058), and cases cited. Under the rulings above cited and the evidence introduced, this court would not be justified in holding that this is an extraordinary case 'presenting a manifest abuse of authority.' Therefore, the action of the City of Griffin in passing the ordinance in question concludes the question of special benefit to abutting property owners.

"The question as to the charter authority of the City of Griffin is a much more difficult question. Aside from the authority to make assessments for authorized improvements, including pavement, the only authority granted to the city for laying out and paving streets is as follows (Acts 1921, p. 959) [Section 22]:

'[Subsection] 24. To lay out and open new streets and alleys in said city.'

'[Subsection] 26. To provide by ordinance and require the paving of any street, lane or alley of said city, and prescribe the material to be used for that purpose, and for the grading of such street, lane or alley, and the manner in which the paving shall be laid and to provide for the payment thereof.'

"Although there are a great many reported cases in Georgia dealing with the charter powers of municipalities with reference to streets, this court has not been able to find a case in which it is held that the right to pave streets and assess the cost does or does not include the right to widen existing paving and assess the cost against abutting property owners.

"By the great weight of authority, it is held that: 'Legislation relating to assessments for public improvements will not be enlarged by construction. On the contrary, in accordance with general rules, and independently of any legislative requirement on the subject, the legislation claimed to confer the power is to be construed strictly as against the municipality and liberally in favor of the property owner.' 44 C. J. 493. See also *Burckhardt v. City of Atlanta*, 103 *Ga.* 302 (30 S. E. 32).

"It has been held that widening a pavement is original construction within a statute authorizing a city council to impose the cost of original construction of a street on abutting property owners. Huddleston *v.* Ashland, 217 Ky. 452 (289 S. W. 1091). However, the charter of the City of Griffin does not contain such a provision. Although it has the authority to 'lay out and open new streets' it does not have authority to assess the cost against abutting owners.

"'Widening a street is, under ordinary circumstances, such a particular and immediate advantage to the locality as to constitute a local improvement for which a special assessment may be levied *under proper statutory authority*' [emphasis supplied]. 44 C. J. 513.

"The following cases involved situations similar to the one now under consideration: *Mayor & Aldermen of Savannah* v. *Weed,* 96 *Ga.* 670 (23 S. E. 900); *Bacon* v. *Mayor & Aldermen of Savannah,* 86 *Ga.* 301 (12 S. E. 580); *Avery & Sons, Inc.* v. *City of Atlanta,* 163 *Ga.* 591 (136 S. E. 789). In the first case charter authority authorized the city to 'adopt at any time an ordinance requiring the grading, paving, macadamizing *and otherwise improving* for travel or drainage any of the streets or lanes of said city and assess two thirds of the cost . . . on the real estate abutting on each side of the street or lane improved' [emphasis added]. In the second case, charter authority authorized the city 'to improve any of the streets, or any portion of the width of any street in the city.' In the third case, charter authority authorized the city to 'acquire land for widening and extending existing streets and to assess all or any part of the cost of obtaining the same against property located in an assessment district.' No comparable authority is granted to the City of Griffin under its charter. Although the city has authority to 'lay out and open new streets and alleys,' it has no authority to make a special assessment against abutting property owners for such purpose. It does have authority to grade and pave a street and make assessments therefor (Sec. 22 Par. 26).

"Fifth Street has been graded and paved to its present width, necessary curbs, gutters, drains and sewers have been constructed and the cost of this improvement, or a proportionate part thereof, has been assessed against and paid by the abutting property owners. It is the opinion of this court that, under the very limited authority granted by its charter, the City of Griffin has exhausted its right of assessment against abutting property owners on Fifth Street. The right of the city to make these improvements out of the general funds is not questioned. See Dickinson *v.* City of Detroit, 111 Michigan 480 (69 N. W. 728); Wreford *v.* City of Detroit, 132 Michigan 348 (93 N. W. 876).

"Wherefore, it is the judgment of this court that the City of Griffin does not have charter authority to assess the cost of said proposed new paving on Fifth Street against the abutting property owners."

*Judgment affirmed on main bill; cross-bill dismissed. Gardner, P. J., and Townsend, J., concur.*