## 34894. KILPATRICK v. THE STATE.

MARSHALL, Justice.

This is an appeal from the appellant's conviction of operation of billiard tables on Sunday, in violation of Code §§ 84-1610 (Ga. L. 1925, pp. 286, 288) and 84-9925 (Ga. L. 1925, pp. 286, 291; 1956, p. 610). He enumerates as error the overruling of his demurrers to the indictment and his motion for acquittal on the grounds (1) that Code § 84-1610 violates the equal protection guaranties of the United States and Georgia Constitutions, and (2) that Code § 84-1610 was impliedly repealed by Ga. L. 1949, p. 1007 (Code Ann. Ch. 106-8), which established the policy of this state to provide for the holding of "athletic events, games and contests" on Sunday.

1. The appellant argues that his place of business is a wholesome, family-type recreational center, with bowling alleys, a game room, a playroom for children, lounge facilities and a snack bar, in addition to the four billiard tables, and that this court should reconsider the equal-protection features of this 1925 statute in light of the changes in modern lifestyles and the environment of the playing of the game of billiards from that earlier era. The difficulty with this argument is that we have upheld the constitutionality of this statute as against an equal-protection attack as late as 1974 in *Wilder v. State,* 232 Ga. 404 (207 SE2d 38). We have not been shown that social conditions have changed sufficiently in this five-year interim to warrant our reversal of *Wilder.*

2. We find no repeal by implication of Code § 84-1610. "Repeals by implication are not favored by law, and a subsequent statute repeals prior legislative acts by implication only when they are clearly and indubitably contradictory, when they are in irreconcilable conflict with each other, and when they can not reasonably stand together." *Moore v. Baldwin County,* 209 Ga. 541, 545 (74 SE2d 449) (1953); *Mayor &c. of Athens v. Wansley,* 210 Ga. 174, 177 (78 SE2d 478) (1953).

The 1949 Act's repealer clause is general in nature and repeals "all laws or parts of laws in conflict with this law." Ga. L. 1949, pp. 1007, 1009, Sec. VII. Even after the 1949 Act, prosecutions were brought for violations of

other so-called "Blue laws," or Sunday prohibitions, e.g., for dancing in a public place on Sunday in violation of Code § 26-6914 *(Bolden v. State,* 88 Ga. App. 871 (78 SE2d 368) (1953));fishing on Sunday in violation of Code § 26-6908 *(McAllister v. State,* 220 Ga. 570 (140 SE2d 828) (1965)); and pursuing the work of one's ordinary calling (the sale of playing cards) in violation of Code § 26-6905 *(Berta v. State,* 223 Ga. 267 (154 SE2d 594) (1967)). In *Berta,* 223 Ga. 267 (3), supra, this court referred to the 1949 Act as having "amended" Code § 26-6905. Thus, there appears no legislative intent to broadly repeal by implication all or even most of such "Sunday" legislation.

It is more plausible that the General Assembly specifically repealed Chapter 69 of Title 26 when it enacted the new Criminal Code (see Ga. L. 1968, pp. 1249, 1339, Sec. II) because it had not been repealed by the Act of 1949 and because it intended to allow Code § 84-1610 to remain in force, than that the 1949 Act was considered to have impliedly repealed Chapter 69 and that Code § 84-1610 was merely overlooked when Chapter 69 was expressly repealed. Subsequent enactments and amendments by the legislature evidence its intent to retain Code § 84-1610, e.g., Ga. L. 1956, p. 610, amending Code § 84-9925 and providing misdemeanor punishment for violations of Chap. 84-16; and Code Ann. § 84-1617 (Ga. L. 1978, pp. 1488, 1490), giving optional application to the provisions of that chapter in certain circumstances.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents.*

ARGUED MAY 14, 1979 — DECIDED MAY 30, 1979 —
REHEARING DENIED JUNE 22, 1979.

*Michael C. Garrett, Alston, Miller & Gaines, Ronald L. Reid, Peter M. Degnan,* for appellant.
*Sam B. Sibley, Solicitor,* for appellee.