<small>Submitted March 14, 1980 — Decided April 23, 1980.</small>

*John N. Crudup,* for appellant.
*William M. House,* for appellee.

### 36042. SUTTON v. GARMON et al.

Undercofler, Chief Justice.

Sutton was convicted in the State Court of Fulton County on a five-count accusation for pimping. He was sentenced, as modified, to three consecutive one-year sentences. The convictions were affirmed on direct appeal. *Sutton v. State,* 149 Ga. App. 190 (254 SE2d 158) (1979). Pretermitting the bar of previous habeas corpus where the issue might have been raised, we address questions concerning "good time allowance" for "misdemeanors of a high and aggravated nature."

Pimping is a crime of a high and aggravated nature. Code Ann. §§ 26-2013, 26-2015. Ga. L. 1970, pp. 236, 241 (Code Ann. § 27-2506.1), provides punishment for such crime by a $5,000 fine or confinement by the county or both. It provides also that a person so confined "shall be entitled to only four days per month good time allowance." Persons confined for other misdemeanors and felonies

except life or death sentences are entitled to "earned time" allowances up to one-half of the period of confinement as established under rules of the Board of Offender Rehabilitation. Ga. L. 1978, p. 985 (Code Ann. §§ 77-320, 77-320.1).[1]

The questions are (1) Whether Georgia Laws 1978, p. 985, providing for up to one-half earned time repeals by implication Ga. L. 1970, p. 236, limiting good time to four days per month for misdemeanors of a high and aggravated nature, and (2) If not, whether Georgia L. 1970, p. 236, is a denial of equal protection of the law.

1. Ga. L. 1970, p. 236 (Code Ann. § 27-2506.1) states in the caption: "An Act to amend Code Titles 26 and 27, relating to criminal law, as amended, so as to provide a means for combating organized crime; to provide a realistic method by which organized crimes may be controlled, contained and reduced; to distinguish certain crimes which are susceptible of intricate organization and which involve the moral tone of the State from other crimes; to characterize such crimes as 'misdemeanors of a high and aggravated nature'; to define 'misdemeanor of a high and aggravated nature'; to provide that the judge imposing the sentence shall retain jurisdiction during the term of the sentence to change or modify the sentence; to provide that any person convicted of a misdemeanor of a high and aggravated nature shall be entitled to only four days per month good time allowance; to provide that prostitution, pimping, keeping a place of prostitution and pandering shall be characterized as a misdemeanor of a high and aggravated nature; to provide that any person convicted of said offenses shall be punished as for a misdemeanor of a high and aggravated nature; to define certain types of organized prostitution and to provide penalties therefor; to provide that all forms of commercial gambling and related offenses shall be defined and characterized as a misdemeanor of a high and aggravated nature; to provide that the punishment for persons

---

[1]Appellee's briefs state the earned time is "day for a day" or "one day off the end of the sentence for each day of satisfactory performance and behavior."

convicted of said offenses shall be as for a misdemeanor of a high and aggravated nature; to provide for severability; to provide an effective date; to repeal conflicting laws; and for other purposes." Then it defines and constitutes the following as misdemeanors of a high and aggravated nature; pimping, keeping a place of prostitution, pandering, commercial gambling, keeping a gambling place, advertising commercial gambling, and possession of gambling device or equipment.

Ga. L. 1978, p. 985 (Code Ann. §§ 77-320, 77-320.1) does not specifically repeal Ga. L. 1970, p. 236, although it states in section 1 that it is comprehensively and exhaustively revising and superseding a number of other laws relating to prisoners. " 'Repeals by implication are not favored by law, and a subsequent statute repeals prior legislative acts by implication only when they are clearly and indubitably contradictory, when they are in irreconcilable conflict with each other, and when they can not reasonably stand together.' " *Kilpatrick v. State,* 243 Ga. 799 (256 SE2d 900) (1979). We do not find it here. On the contrary, Ga. L. 1978, p. 985, states specifically it applies to prisoners sentenced under Code Ann. § 27-2506(a), which governs punishment for ordinary misdemeanors. Code Ann. § 27-2506(c) prescribes punishment for misdemeanors of a high and aggravated nature. Accordingly, we hold that Ga. L. 1970, p. 236, has not been repealed. Likewise we find that Ga. L. 1976, p. 949, did not repeal Ga. L. 1970, p. 236.

2. We find no merit in appellant's claim that he has been denied equal protection of the law because he is limited to four days earned time each month while certain other prisoners may earn fifteen days each month. In our opinion there is a rational relationship between the purpose of the statute as set out in the caption and the classification prescribing limited earned time for offenders in this specified category. As stated in McGinnis v. Royster, 410 U. S. 263, 270 (93 SC 1055, 35 LE2d 282) (1973), "The determination of an optimal time for parole eligibility elicited multiple legislative classifications and groupings, which the court below rightly concluded require only some rational basis to sustain them. . . We do not wish to inhibit state experimental classifications in a

practical and troublesome area, but inquire only whether the challenged distinction rationally furthers some legitimate, articulated state purpose. We conclude that it does."

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1980 — DECIDED APRIL 23, 1980.

Michael Sutton, *pro se.*

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General, Hinson McAuliffe, Solicitor, George Weaver, Assistant Solicitor,* for appellees.