(697 P 2d 893)
No. 56,735

STEVEN LELAND OLSON, *Appellant,* v. HERB MASCHNER, *Appellee.*

Opinion filed April 11, 1985.

*David C. Van Parys,* of Murray & Tillotson, Chartered, of Leavenworth, for appellant.

*Timothy G. Madden,* assistant attorney general, and *Robert T. Stephan,* attorney general, for appellee.

Before ABBOTT, P.J., PARKS and MEYER, JJ.

ABBOTT, J.: This is an appeal by Steven Leland Olson from the trial court's judgment denying his writ of habeas corpus.

Olson stands convicted of a class A felony, K.S.A. 21-3421, aggravated kidnapping. Prisoners serving a sentence for a class A felony are eligible for parole after serving 15 years of confinement, without deduction of any good time credits. K.S.A. 1984 Supp. 22-3717(b). Olson contends the statutory prohibition against the deduction of good time credits in determining the parole eligibility of an inmate denies him equal protection of the law in violation of Sections 1 and 2 of the Kansas Constitution Bill of Rights and the 14th Amendment to the United States Constitution.

During Olson's stay at the Kansas State Penitentiary, he has received no disciplinary reports and has received positive staff

evaluations. According to Olson's calculations, if he were eligible to receive good time credit he would have accumulated 990 days against his sentence as of the date he filed his petition.

In *Henry v. Bauder*, 213 Kan. 751, Syl. ¶¶ 1, 2, 518 P.2d 362 (1974), the Kansas Supreme Court set forth the test of rational relationship as the appropriate standard for evaluating equal protection claims:

"Under federal and Kansas equal protection constitutional provisions, a state statute may single out a class of persons for distinctive treatment only if the classification bears a rational relation to the purpose of the legislation.

"The constitutional principle of equal protection does not preclude the state from drawing distinctions between different groups of individuals, but does require that persons similarly situated with respect to the legitimate purpose of the law receive like treatment."

That test was applied in *State v. Sherk*, 217 Kan. 726, 729-32, 538 P.2d 1399 (1975), to uphold the classification of juvenile offenders into two distinct categories, and in *State v. Freeman*, 223 Kan. 362, 368-70, 574 P.2d 950 (1978), to uphold the mandatory sentencing provisions applicable to individuals who used firearms in the commission of their offenses. The rational relationship test has also been applied by the United States Supreme Court in *McGinnis v. Royster*, 410 U.S. 263, 35 L.Ed.2d 282, 93 S.Ct. 1055 (1973), to uphold a New York statute which provided good time credits for state penitentiary inmates following the imposition of their sentences, but denied such credits for time spent in presentence incarceration in a county jail. Thus, the question before us is whether the denial of good time credits to one convicted of a class A felony is rationally related to a valid legislative goal.

While this issue has not been directly addressed by the Kansas courts, a similar equal protection argument was rejected in *State v. Freeman*, 223 Kan. 362. *Freeman* involved a challenge to statutes (K.S.A. 1977 Supp. 21-4618 and 1977 Supp. 22-3717[8]) which precluded a grant of probation to a defendant who used a firearm in the commission of his offense and required the defendant to serve the entire minimum sentence before becoming eligible for parole. The Supreme Court found the statutes in question to be rationally related to the legitimate legislative goal of deterring the use of firearms in the commission of crimes against persons. pp. 368-70.

A claim virtually identical to the one raised herein was ad-

dressed by the Indiana Supreme Court in *Jones v. Jenkins*, 267 Ind. 619, 372 N.E.2d 1163 (1978). The Indiana statute in question denied good time credits to inmates serving life sentences. In rejecting an equal protection attack upon that statute, the court found the statute rationally related to a legislative determination that "the dangerousness of those persons sentenced to life imprisonment necessitates a different type of release program than that used with non-lifers. . . . " p. 624.

In *People v. Burton*, 100 Ill. App. 3d 1021, 427 N.E.2d 625 (1981), the court rejected an equal protection challenge to a statutory scheme which gave inmates convicted of felonies an opportunity to earn more good time credits than could be earned by inmates convicted of misdemeanors. The court found a rational basis in a legislative determination that felons need greater incentives to conform to prison rules than do misdemeanants. pp. 1024-25. Disparities in the availability of good time credits, based upon the nature of an inmate's offense, were also found to withstand equal protection attacks in *Sutton v. Garmon*, 245 Ga. 685, 266 S.E.2d 497 (1980); *Amado v. Supt. Massachusetts Correctional Inst. at Walpole*, 366 Mass. 45, 314 N.E.2d 432 (1974); and *Parker v. Percy*, 105 Wis. 2d 486, 314 N.W.2d 166 (1981). See generally *Warden v. Marrero*, 417 U.S. 653, 41 L.Ed.2d 383, 94 S.Ct. 2532 (1974) (complete denial of parole eligibility for individuals convicted of certain narcotics offenses constitutional); *McGinnis v. Royster*, 410 U.S. 263; Annot., 100 A.L.R.3d 431; Annot., 95 A.L.R.2d 1265.

Petitioner argues that the legislative goal of imposing severe punishments for serious offenses is met through the statutory classification of offenses into various degrees of felonies found in K.S.A. 1984 Supp. 21-4501. He claims the additional punitive sanctions of K.S.A. 1984 Supp. 22-3717 are not rationally related to this legislative goal, since that goal is already implemented. Yet given the serious and generally violent nature of those offenses classified as class A felonies, the additional sanction resulting from the unavailablility of good time credits is rationally related to the legislative goal of protecting the public from the most dangerous felons. See *Jones v. Jenkins*, 267 Ind. 619.

Finally, appellant argues that K.S.A. 75-5201 sets forth rehabilitation as the primary purpose of the Department of Corrections, but that goal is defeated when good time credits are

unavailable to class A felons. While K.S.A. 75-5201 does place a great emphasis on rehabilitation, it does so only to the extent that rehabilitation is "consistent with the interests and safety of the public." The legislative decision to withhold good time credits from class A felons is an expression of legislative determination that the protection of the public requires an inmate convicted of a class A felony to serve at least 15 years before his or her rehabilitation will justify consideration for parole. Further, to the extent there is a conflict between K.S.A. 75-5201 and K.S.A. 1984 Supp. 22-3717(b), the latter statute, as the more specific, is controlling. See generally *Szoboszlay v. Glessner*, 233 Kan. 475, 479, 664 P.2d 1327 (1983).

Affirmed.