## 71183. FULTON COUNTY SCHOOL EMPLOYEES PENSION FUND v. TEACHERS RETIREMENT SYSTEM OF GEORGIA.
## 71184. GENERAL EMPLOYEES PENSION FUND OF ATLANTA v. TEACHERS RETIREMENT SYSTEM OF GEORGIA.
### (337 SE2d 57)

BIRDSONG, Presiding Judge.

This action was originally filed as a class action by 21 retired school teachers against the Teachers Retirement System of Georgia (TRS). TRS filed third-party complaints against the Employees Pension Funds of the City of Atlanta and Fulton County because plaintiffs were members of those local pension funds, and TRS alleged it had paid all of the legally required contributions to those pension funds for payment to the retired teachers. And, if TRS was required to pay any additional amounts to the teacher-plaintiffs, it wanted reimbursement from the third-party defendants. The Atlanta and Fulton County pension funds filed counterclaims against TRS alleging the amount of pension contributions to their funds from TRS, from which they paid the retired teachers, had been improperly computed by TRS.

The trial court first resolved the retired teachers' complaint

against TRS, and reserved the issue involving the counterclaims by Atlanta and Fulton County against TRS. The original plaintiff-teachers are not a party to this appeal. Following settlement of their action, an agreed statement of facts was submitted to the trial court and TRS and the third-party defendants moved for summary judgment. The trial court denied the third-party defendants' motions and granted TRS's motion for summary judgment. The Atlanta and Fulton County Pension Funds bring this appeal. *Held*:

1. The TRS Act was passed in 1943 (Ga. L. 1943, p. 640 et seq.), and included inter alia, provisions for teachers' retirement benefits. Code Ann. Ch. 32-29. Members were required to contribute to a retirement fund. Code Ann. § 32-2921. Service prior to January 1, 1945, the effective date of the Act, was counted as "prior service" because the employees did not contribute funds for retirement purposes. See Code Ann. § 32-2901 (8). "Prior service" credit was given to teachers who worked for an employer with a local retirement fund. Code Ann. § 32-2904. Fulton County and the City of Atlanta, each maintained local teacher retirement funds, as that term is used in the TRS Act. Code Ann. § 32-2901; OCGA § 47-3-1. A teacher within the state of Georgia may retire under the TRS Act, or under the provisions of the local school retirement fund. OCGA § 47-3-65. If the teacher retiring under a local retirement fund had prior service credit which entitled him or her to TRS retirement, the Board of Directors of TRS was required to contribute that amount to the local board, except that the excess payable over the amount paid by the local board was to be paid directly to the retiree. Code Ann. § 32-2922 (1).

The TRS Act differentiates between computation of retirement benefits for a teacher who is a general "member" of TRS, and a teacher who is a "member" of a local retirement fund. OCGA § 47-3-65. A teacher is a "member" of the TRS, in the strict sense, only while in the service of an "employer" not operating a local retirement system. OCGA § 47-3-60 (d); Code Ann. § 32-2903 (3). When a "member" of TRS enters employment in a school system which has a local retirement fund, and they have prior creditable service with TRS, they may elect to continue their membership with TRS, but they cease to contribute to the TRS retirement fund and do not lose previously accrued credits in TRS. OCGA §§ 47-3-65 (a); 47-3-66; Code Ann. § 32-2922.

All parties agreed that when a teacher in the service of an employer with a local retirement fund is eligible for retirement and had continued his or her membership in TRS because of service under TRS before employment with the local system, or because they had "prior service" credits, which entitled them to retirement benefits under TRS, the TRS Board of Directors was required to pay to the local retirement fund "a pension equal to the pension for membership

service which would have been payable under this system in respect to the part of his earnable compensation payable from state funds if such member had been classified as a member of this system immediately prior to the time of his retirement." See Code Ann. § 32-2922 (1); OCGA § 47-3-65 (a). It is the contention of the third-party defendants that the referred-to pension payable by TRS to the local retirement fund is to be computed under Code Ann. § 32-2905 (2) (b) (now OCGA § 47-3-120 (a) (2)). TRS argues that the method of computation is controlled by the unnumbered paragraphs following the first paragraph of subsection (c) of Code Ann. § 32-2905. Ga. L. 1961, pp. 392, 394. The third-party defendants argue that those unnumbered paragraphs were repealed by the 1965 Act.

In 1961 the General Assembly amended the TRS Act "by striking from section 5 subsection (2) in its entirety [Code Ann. § 32-2905 (2)], including all subparagraphs thereof, and substituting in lieu thereof a new subsection (2), to read as follows:

"(2) Upon service retirement a member shall receive an allowance which shall consist of:

(a) An annuity . . .

(b) An annual pension . . .

(c) In the case of retirement of any member prior to his attainment of the age of 65 years. . . . The aforesaid reduction shall not apply in calculating the service allowance for disability retirement or death.

"Provided, however, upon service retirement of any teacher who is a member of a local retirement fund, such teacher shall receive a service retirement pension on account of his service thereunder, in accordance with the provisions of section 9, which shall consist of:

(i) A pension equal to the annuity . . .

(ii) If he has a prior service certificate. . . ."

The reference in the unnumbered paragraph following the first paragraph of subsection (c) of paragraph 2, above, to "section 9," is that portion of Code Ann. § 32-2922 (1) (now OCGA § 47-3-65) cited above, which requires the TRS Board of Directors to contribute "a pension equal to the pension for membership service . . ." to the local fund. See Ga. L. 1943, pp. 640, 665. The issue presented to the trial court was whether these unnumbered paragraphs following the first paragraph of subsection (c) in the 1961 Act were repealed by the 1965 Act.

We will note that this legislation amended the prior Act by "striking from section 5, subsection (2) *in its entirety* . . . and substituting in lieu thereof a new subsection (2). . . ." (Emphasis supplied.) Further, subsections 2 (a), (b), and (c) applied to allowances for "members" of TRS, and those three unnumbered paragraphs following the first paragraph of subsection (c), dealt with allowances for

teachers retiring under local retirement funds. The subsections, (a), (b), and (c), are enclosed in quotation marks, beginning before the "2" and concluding at the end of the first paragraph of subsection "(c)." The unnumbered paragraphs following the first paragraph of subsection (c), are also enclosed by separate quotation marks. This Act shows the intent of the legislature to treat differently retirement allowances for general members of TRS and those for former members of TRS who had transferred and were now retiring under a local retirement fund. There is a recognizable basis for such a distinction. First, TRS members transferring to a local retirement fund did not contribute to the TRS retirement fund after their transfer. Secondly, the local retirement fund may credit TRS service and "prior service," toward retirement under the local fund, and the TRS pension including credit for that same service would amount to double credit. This difference, or distinction, is demonstrated by the separate computation for the different groups.

In 1965, the legislature again enacted amending legislation affecting the TRS Act, and it included, inter alia, "an Act approved April 5, 1961 (Ga. L. 1961, p. 392), is hereby amended by striking from section 5 (2) (c) the figure 65 wherever the same appears therein and inserting in lieu thereof the figure 63, so that when so amended section 5 (2) (c) shall read as follows:

"(c) In the case of the retirement of any member prior to his attainment of the age of 63 years, the service allowance above described shall be reduced by 1/12 of 3% for each month by which his age at the time of retirement is below 63 years. . . ." Appellants argue that this Act repealed those unnumbered paragraphs following the first paragraph of 2 (c). We cannot agree.

First, the stated intent in the preamble of the 1965 amendment was "to provide a reduction of the allowance which a member shall receive upon service retirement in the case of retirement of such member prior to his attainment of the age of 63 years. . . ." This was all that the reenacted portion of subsection 2 (c) actually changed.

Secondly, subsections (a), (b), and (c) dealt with allowances for a "member's" retirement and those unnumbered paragraphs following the first paragraph of subsection (c) concerned only persons retiring under a "local retirement fund." Lastly, no mention was made by the legislature of striking subsection 2 (c) in its entirety, as it had done before, when it desired to change the complete subsection.

Admittedly, the intent of the legislature in 1961 is not clear, because they included paragraphs relating to different subjects under one numbered paragraph. However, the legislature clearly intended to restrict its 1965 amendment to a change in the age included in the former Act. In 1981 the General Assembly passed an Act "to provide certain provisions shall remain the law." Ga. L. 1981, pp. 1892, 1893.

In Section 2, it was stated: "Said Act is further amended by designating the undesignated par- agraphs following the first paragraph of paragraph (c) of subsection (2) of Section 5, which undesignated paragraphs shall remain the law and fully effective, as paragraph (c.1) . . . ." This disputed portion of the Act is now contained in OCGA § 47-3-65 (a).

The cardinal rule in construction of statutes is to ascertain the intention of the General Assembly and carry that intent into effect. OCGA § 1-3-1 (a); *Moss v. Bishop*, 235 Ga. 616, 619 (221 SE2d 38). Construction of a statute which would give effect to legislative intent and preservation of the Act is preferred to a construction which would necessarily destroy the Act. *Webb v. Echols*, 211 Ga. 724, 726 (88 SE2d 625). A valid subsisting statute is not repealed by implication by a later Act unless they are generally inconsistent or unless the later Act covers the entire field of the former legislation. *Taylor v. R.O.A. Motors*, 108 Ga. App. 635 (134 SE2d 486); *Sutton v. Garmon*, 245 Ga. 685 (266 SE2d 497).

The 1961 amendment of the TRS Act included two different, but related, subjects under subparagraph 2 (c), and the stated intent of the 1965 amendment of that section was restricted to only one of those subjects. These two Acts are not inconsistent, nor does the later Act cover the entire field of the former Act. Repeal of the entire subject matter of the former Act, not covered by the later Act, will not be favored by implication. The former intent of the General Assembly (1961) was made explicit in its 1981 Act "to provide certain provisions [of Ga. L. 1961, p. 392] shall remain the law. . . ." The trial court did not err in granting summary judgment to TRS. See Op. Atty. Gen. 1971, 79-10.

2. The remaining enumeration is without merit.

*Judgments affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 29, 1985.

*John Tye Ferguson*, for appellant (case no. 71183).

*Marva Jones Brooks, David D. Blum, Richard A. Carothers*, for appellant (case no. 71184).

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Carl C. Jones, Senior Assistant Attorneys General, Annette M. Cowart, Attorney*, for appellee.