A90A1216. REID RENTAL, INC. et al. v. CITY OF WAYCROSS.
(399 SE2d 247)

BEASLEY, Judge.

Reid Rental Company (Reid) and Ms. Reid appeal the determination that three provisions of Waycross ordinances dealing with street paving assessments are not in conflict, the issue remaining after this court's decision in *City of Waycross v. Reid Rental Co.*, 186 Ga. App. 452, 453 (367 SE2d 305) (1988).

In 1980 an ordinance was passed establishing a paving district for the purpose of improving certain roads in what is known as Reid's Subdivision Improvement District. The ordinance assessed one-third of the costs against the property abutting the streets improved according to its footage on the improved portion. The Reids own more than 50 percent of the property located on two streets assessed in the amount of $45,450. Waycross filed a lien upon the property when payment was not made and the Reids sought declaratory judgment, contending the lien was improper because the assessment was not made in compliance with the ordinance of 1925, which includes a publication requirement. No publication occurred.

The Waycross charter was amended by Ga. L. 1905, p. 1220 et seq., giving the city the power to make paving improvements and to make a direct assessment against the owner's abutting property. It was amended again by Ga. L. 1913, p. 1234 et seq. and Ga. L. 1925, p. 1557 et seq. Only the 1925 Act contains the publication requirement.

Appellants contend that, since the earlier acts contained no publication requirement, the 1925 Act impliedly repealed the non-publication aspect of the other methods for imposing assessments.

Section 16 of the 1925 Act states that "[t]his Act shall not repeal or alter the present street improvement laws of the City of Waycross, except where the same are in direct conflict with this Act, it being intended that the provisions of this Act shall be cumulative and in addition to the present laws."

The applicable rules of construction in this case are as follows. The intent of the legislature is paramount. OCGA § 1-3-1 (a). *Moss v. Bishop*, 235 Ga. 616, 619 (221 SE2d 38) (1975) overruled on other grounds, *Shaheen v. Dunaway Drug Stores*, 246 Ga. 790, 793 (273 SE2d 158) (1980). "Construction of a statute which would give effect to legislative intent and preservation of the Act is preferred to a construction which would necessarily destroy the Act. [Cit.]" *Fulton County &c. Fund v. Teachers Retirement &c.*, 176 Ga. App. 612, 616 (337 SE2d 57) (1985). *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55, 61 (2c) (390 SE2d 55) (1989). " ' "Repeals by implication are not favored by law, and a subsequent statute repeals prior legislative acts by implication only when they are clearly and indubitably contradictory, when they are in irreconcilable conflict with each other, and when they can not reasonably stand together." ' *Kilpatrick v. State*, 243 Ga. 799 (256 SE2d 900) (1979)." *Sutton v. Garmon*, 245 Ga. 685, 687 (1) (266 SE2d 497) (1980). Statutes in pari materia are to be construed together and harmonized. *Georgia Marble Co. v. Whitlock*, 260 Ga. 350, 354 (392 SE2d 881) (1990); *Butterworth v. Butterworth*, 227 Ga. 301, 303 (3) (180 SE2d 549) (1971). Legislation conferring the power to assess for public improvements is, of course, construed " 'strictly as against the municipality and liberally in favor of the property owner.' " *City of Griffin v. Crossfield*, 95 Ga. App. 289, 293 (97 SE2d 618) (1957).

The 1925 Act stands together with its predecessors. All three acts grant the power to improve city streets. The 1905 Act provided only for the assessment of costs against abutting property owners and for collection by execution, levy and sale. The 1913 Amendment expands the original Act by providing for improvement districts, assessment methods, the issuance of notes or other obligations to be paid by assessments and a special tax for street improvements. The 1925 Act expands the subject to provide an alternative method for financing improvements by use of Street Improvement Bonds. This is the only financing mechanism providing for issuance of bonds and requiring the publication here sought.

The construction urged by Reid would result in the limiting and unintended effect of not only requiring publication, but also requiring that the only method of financing such improvements would be Street

Improvement Bonds. The more logical interpretation and the one giving effect to all three statutes is that the requirement of this publication relates only to financing through Street Improvement Bonds, offering the city alternative methods. See *City of Waycross v. Cowart*, 164 Ga. 721, 722 (1) (139 SE 521) (1927).

There was no error in the grant of summary judgment to the City of Waycross nor in its denial to appellants.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 8, 1990 —
REHEARING DENIED NOVEMBER 21, 1990 — 

*Dillard & Landers, Terry A. Dillard, Joseph E. East, Bryant H. Bower, Jr.*, for appellants.
*W. Grady Pedrick*, for appellee.