S16A1045. GEORGIACARRY.ORG, INC. v. CODE REVISION COMMISSION et al.
(793 SE2d 35)

THOMPSON, Chief Justice.
Appellant GeorgiaCarry.Org, Inc. ("GCO"), filed a complaint against the Code Revision Commission and its members, David

Ralston, in his official capacity as Speaker of the House of Representatives of Georgia, Lowell Cagle, in his official capacity as President of the Senate of Georgia, and Governor Nathan Deal, seeking a writ of mandamus to compel the Code Revision Commission to amend the text of OCGA § 16-11-127.1 and a judgment declaring that it is not a crime for a person with a weapons carry license to carry a firearm within a school safety zone.[1] After motions to dismiss filed by both the Governor and CRC were granted in separate orders, GCO appealed from the order granting CRC's motion to dismiss.[2] For the reasons that follow, we affirm.

This appeal arises out of two weapons-related bills passed by the Georgia General Assembly during the 2013-2014 legislative session. The first, House Bill 826, was passed by the Georgia House of Representatives on February 25, 2014, passed by the Georgia Senate on March 20, 2014, and signed by the Governor on April 22, 2014. See HB 826, Act 575, Ga. L. 2014, p. 432, § 1-1. Section 1-1 of that bill addressed weapons as they related to juveniles and schools and amended OCGA § 16-11-127.1 to permit a person licensed to carry a firearm[3] in accordance with OCGA § 16-11-129 to do so within a school safety zone.[4] See Ga. L. 2014, pp. 432, 433. The second bill, House Bill 60, was passed by the Georgia Senate on March 18, 2014, passed by the Georgia House of Representatives on March 20, 2014, and signed by the Governor on April 23, 2014. See Ga. L. 2014, p. 599. Section 1-6 of this bill was a more comprehensive bill addressing issues of weapons carry and licensing. Like HB 826, it amended OCGA § 16-11-127.1, but it did so, in relevant part, by expressly prohibiting the carrying of a weapon, which was defined to include a firearm,[5] within a school safety zone.[6] See Ga. L. 2014, pp. 599, 605, § 1-6. This prohibition was subject to certain enumerated exceptions,

---

[1] For purposes of clarity, in this opinion, we collectively refer to the Code Revision Commission, its members who were identified in GCO's complaints as John Does 1-13, Ralston and Cagle as "CRC."

[2] GCO did not appeal from the trial court's order granting the Governor's motion to dismiss.

[3] Section 1-1 of HB 826 defined a "firearm" as "a handgun, rifle, shotgun, or other weapon which will or can be converted to expel a projectile by the action of an explosive or electrical charge." See Ga. L. 2014, pp. 432, 433.

[4] A "school safety zone" was defined in HB 826 as "in or on any real property or building owned by or leased to any school or postsecondary institution." See Ga. L. 2014, pp. 432, 433.

[5] HB 60 defined "weapon" to include not only a "pistol, revolver, or any weapon designed or intended to propel a missile of any kind," but also knives, knuckles, bats, clubs or other bludgeon-type weapons, flailing instruments consisting of two or more rigid parts connected so as to allow them to swing freely, fighting chains, bladed discs, stun guns and tasers.

[6] A "school safety zone" was defined as "in or on any real property owned by or leased to [a]ny public or private elementary school, secondary school, or local board of education and used

including an exception allowing persons licensed under OCGA § 16-11-129 to carry or possess a firearm within a school safety zone but only "when such person carries or picks up a student within a school safety zone." Id. at 606.

In light of the differences in the two bills and the timing of the Governor's signing, CRC, as the entity responsible for "compiling, editing, arranging, and preparing the Acts and resolutions of the General Assembly for . . . publication," see OCGA § 28-9-5 (a), determined that HB 826's language authorizing the carrying of a firearm in a defined area in and around schools conflicted with the language of HB 60 § 1-6. To the extent of this conflict, and pursuant to the statutory mandate that the later legislative enactment controls in the event two legislative enactments conflict and cannot be given simultaneous effect, OCGA § 28-9-5 (b), CRC gave effect to HB 60 § 1-6 and incorporated its language into OCGA § 16-11-127.1, thereby making it unlawful for any person to carry, possess, or have under their control a firearm while "within a school safety zone" unless that person is carrying or picking up a student. See Ga. L. 2014, pp. 599, 604; HB 60 at § 1-6.[7]

In February 2015, GCO filed its complaint seeking a writ of mandamus to compel CRC to republish the text of OCGA § 16-11-127.1 so it would read more consistent with the language of HB 826 and seeking a judgment declaring that it is not a crime for a person with a weapons carry license to carry a firearm within a school safety zone. After the Governor and CRC filed separate motions to dismiss, GCO amended its complaint to include a verification and add a claim for injunctive relief. The trial court granted the defendants' motions to dismiss, concluding that: (1) HB 90 reenacted OCGA § 16-11-127.1, thus curing any defects in the language of the law and rendering any questions about the bills moot; (2) no justiciable controversy existed because HB 60, the bill enacted last in time, controlled, see *Rutter v. Rutter*, 294 Ga. 1, 3 (749 SE2d 657) (2013); and (3) GCO was not entitled to mandamus relief.

1. As an initial matter, GCO contends the trial court erred by ruling on CRC's motion to dismiss because, it argues, CRC was in default for failing to file a verified answer to GCO's amended complaint. Even assuming this argument was properly raised in the trial

---

for elementary or secondary education" and "[a]ny public or private technical school, vocational school, college, university, or institution of postsecondary education." See Ga. L. 2014, p. 604, § 1-6/HB 60.

[7] During the 2015 legislative session, the Governor approved HB 90, a bill which reenacted and made corrections to OCGA § 16-11-127.1 but did not change any language of OCGA § 16-11-127.1 that had been incorporated from HB 60. See Ga. L. 2015, p. 5, § 16 (3).

court, it has no merit. A responsive pleading to an amended complaint need not be filed unless such a pleading is required by statute or court order. See *Shields v. Gish*, 280 Ga. 556, 557 (1) (629 SE2d 244) (2006); *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 79 (403 SE2d 840) (1991). See also OCGA §§ 9-11-8 (d); 9-11-15 (a). GCO has not identified any statute requiring CRC to file a response to the amended complaint, and we find no evidence that the trial court directed CRC to file a responsive pleading. Accordingly, CRC was not in default.

Nor do we find any abuse of discretion in the trial court's decision to dismiss GCO's amended complaint based on CRC's previously filed motion to dismiss or to do so without holding a hearing. The trial court was under no legal obligation to hold a hearing, see Georgia Uniform Superior Court Rule ("USCR") 6.3,[8] and GCO's claim that the failure to hold a hearing deprived it of due process is belied by the record which shows that GCO was given the opportunity to and did respond to the motion on the record. Moreover, the grounds for dismissal asserted in CRC's motion were not mooted by the filing of the amended complaint inasmuch as these assertions were unaffected by the amendments.[9]

2. We now turn to the substantive merits of the trial court's decision to dismiss GCO's amended complaint. The trial court dismissed the amended complaint on three independent grounds, any one of which, if affirmed, is sufficient to support the dismissal order. With that in mind, we first address the trial court's determination that the amended complaint was subject to dismissal because it failed to raise a justiciable controversy.

This basis for the trial court's decision requires us to consider whether HB 826 § 1-1 remained good law after HB 60 § 1-6 was enacted and signed by the Governor on April 23, 2014, or, stated otherwise, whether HB 60 § 1-6 effectively repealed the provisions of HB 826 amending OCGA § 16-11-127.1. Repeals by implication are not favored under Georgia law, see *Kilpatrick v. State*, 243 Ga. 799 (256 SE2d 900) (1979), and because the legislative acts at issue were passed in the same legislative session, we presume they are " 'imbued

---

[8] USCR 6.3 states, in pertinent part: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict."

[9] The only differences between the original and amended complaints were the inclusion of a verification page and the addition of a request for injunctive relief to require CRC "to publish the provisions of HB 826 into the OCGA." Neither of these changes affected CRC's claim that GCO's petition was moot or that mandamus was not an available remedy because HB 826 was repealed by HB 60, CRC was not an entity subject to a writ of mandamus, and a majority of the members of the Code Revision Commission had not been served with the complaints.

with the same spirit and actuated by the same policy, and they are to be construed together as parts of the same act.' " (Citation omitted.) *Inter-City Coach Lines v. Harrison*, 172 Ga. 390, 395 (157 SE 673) (1931). Our task, therefore, is to determine whether the relevant provisions of HB 826 and HB 60 can be read in pari materia or whether the enactments are so "clearly and indubitably contradictory [that] . . . they can not reasonably stand together." (Citation and punctuation omitted.) *Sutton v. Garmon*, 245 Ga. 685, 687 (266 SE2d 497) (1980). See also *Rutter*, 294 Ga. at 3. If they cannot "reasonably stand together," the later enacted bill controls. See OCGA § 28-9-5 (b).

Having reviewed the clear language of HB 826 § 1-1 and HB 60 § 1-6, we agree with the trial court's conclusion that their provisions relating to the carrying of weapons within a school safety zone are in irreconcilable conflict. OCGA § 16-11-127.1, as enacted by HB 826, expressly authorized any individual with a weapons carry license to carry a firearm within a school safety zone. HB 60, in contrast and in pertinent part, amended OCGA § 16-11-127.1 to prohibit licensed individuals from carrying weapons, including firearms, within a school safety zone unless they were carrying or picking up a student. These provisions are contradictory in that they address the same circumstances, but one expressly authorizes the carrying of a firearm and the other expressly criminalizes such conduct, albeit with a limited exception. Accordingly, the two statutes cannot stand together, and the provisions of HB 826 § 1-1 related to the carrying of firearms in a school safety zone did not survive the subsequent enactment of HB 60. See *Rutter*, 294 Ga. at 3; *Keener v. MacDougall*, 232 Ga. 273, 276 (206 SE2d 519) (1974).

It follows that at the time the trial court addressed CRC's motion to dismiss, the language of HB 60 codified by CRC in OCGA § 16-11-127.1 of the Georgia Code was controlling law. Thus, GCO was not entitled to relief under any state of provable facts alleged in the amended complaint, there was no actual controversy which would have authorized a declaratory judgment, and the trial court did not err by granting CRC's motion to dismiss. See *Gwinnett County v. Blaney*, 275 Ga. 696, 705 (3) (572 SE2d 553) (2002) (recognizing that writ of mandamus will not lie unless petitioner has a clear legal right to have the act performed); *Baker v. City of Marietta*, 271 Ga. 210, 214 (1) (518 SE2d 879) (1999) (holding that "[w]here the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper"); *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997) ("A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the

complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.").

3. Because of our holding in Division 2, we need not address the remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

**DECIDED OCTOBER 31, 2016.**

*John R. Monroe*, for appellant.
*Wayne R. Allen*, for appellees.
*Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Joseph J. Drolet, Senior Assistant Attorney General, Rebecca J. Dobras, Assistant Attorney General*, amici curiae.